WILLIAM A. SOKOL, Bar No. 072740
W. DANIEL BOONE, Bar No. 046553
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Petitioner
SEIU, Local 715

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Petitioner,<br><br>v.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Respondents. | No.   5:08-CV-00216-JF<br><br>PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION<br><br>Date:   August 29, 2008<br>Time:  9:00 a.m.<br>Judge: Hon. Jeremy Fogel<br>Courtroom:   3, 5th Fl. |

## I. INTRODUCTION

Petitioner SEIU, Local 715 (the "Union" or "Local 715") and Stanford Hospital and Clinics and Lucile Packard Children's Hospital (the "employer") are parties to a Collective Bargaining Agreement. The parties' Agreement contains an arbitration procedure leading to final and binding arbitration.

The employer brazenly refuses to submit this dispute to arbitration for final and binding arbitration resolution. Federal requires the Court to order arbitration, leaving to the Arbitrator the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION, Case No. 5:08-CV-00216-JF

task of deciding the merits of the dispute. Accordingly, Local 715 petitions this Court for an Order compelling the employer to arbitrate this dispute as well as an award of attorney's fees because the employer has acted in bad faith in refusing to arbitrate this matter.

## II. STATEMENT OF FACTS

There is not much in dispute in this case. At all relevant times the Union and the employer have been parties to a Collective Bargaining Agreement. (Pet. to Compel at ¶ 4, Exh. A.) On or about April 2, 2007, Local 715 submitted a grievance on behalf of John Simien, alleging that his was unjustly discipline and that he was forced to change his shift in violation of the Collective Bargaining Agreement. (*Id.* at ¶ 5.)

There is no dispute that there is a valid Collective Bargaining Agreement, or that it contains an arbitration provision that allows either Local 715 to arbitrate disputes involving disciplines. Rather, the employer refuses to arbitrate the instant dispute, involving the unjust discipline of Mr. Simien because it has apparently taken the position that it does not believe that Local 715 exists or has standing to participate in any arbitration hearing. This is not only inaccurate but it does not provide a basis for refusing to arbitrate the instant matter.

The issue in this matter involves a simple grievance dealing with discipline of Union member. This dispute is substantively arbitrable, and, therefore, the Court should grant Local 715's petition to compel arbitration.

## III. LEGAL ARGUMENT

### A. THE EMPLOYER ADMITS THAT LOCAL 715 IS A LABOR ORGANIZATION AND CONTINUES TO DEAL WITH LOCAL 715 AS A LABOR ORGANIZATION.

The employer argument that arbitration should not be compelled is without merit. In a related, pending case, the employer alleges that Local 715 "is a labor organization representing employees in an industry affecting commerce within the territorial jurisdiction of this Court within the meaning of Section 301 [of the LMRA]." (*See Stanford Hosps. & Clinics, et al. v. SEIU, Local 715*, Case No. C-07-CV-05158-JF.) While the employer's factual assertion that the Local 715 "is a labor organization . . . within the meaning of Section 301," is not conclusively binding on the

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION, Case No. 5:08-CV-00216-JF

employer, it is admissible in this proceeding as an evidentiary admission. *See Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 829 (6th Cir. 2000). On the date that the employer's counsel signed the pleading, counsel for the employer certified that "the factual contentions ha[d] evidentiary support . . . ." *See* Fed.R.Civ.Proc. 11. At least as of October 9, 2007, the Court must presume, based on counsel's representation, the employer understood, believed, and could *prove* that Local 715 existed and represented members who were employed at Stanford Hospital and Clinics and Lucile Packard Children's Hospital. Otherwise counsel for the employer would have been in violation of Rule 11.

Indeed, the employer continues to deal with Local 715, as if Local 715 exists and represents employees at Stanford Hospital and Clinics and Lucile Packard Children's Hospital. The definition of a labor organization is rather broad. The National Labor Relations Act, 29 U.S.C. § 152(5), defines a labor organization as "any organization of any kind . . . in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

Local 715 clearly fits the definition of a labor organization. Employees at Stanford Hospital and Clinics and Lucile Packard Children's Hospital continue to participate in Local 715. (Smith Decl. at ¶¶ 16-17; Harland Decl. at ¶ 3, Exh. B.) There are at least 25 Shop Stewards who continue to deal with the employer over terms and conditions of work, and participate in a Labor Management Committee on behalf of Local 715. (Smith Decl. at ¶ 16; Harland Decl. at ¶ 3, Exh. B.) Simply put, the issue raised by the employer as to the status and/or existence of Local 715 is a non-issue.

**B.  THE COURT SHOULD ORDER ARBITRATION BECAUSE IT CANNOT BE CONCLUDED WITH POSITIVE ASSURANCE THAT THE PARTIES' ARBITRATION CLAUSE EXCLUDES THE DISPUTES AT ISSUE.**

Federal law requires the submission of disputes over the interpretation and application of labor agreements to arbitration. *USWA v. Am. Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *USWA v. Warrior & Gulf*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). It is

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION, Case No. 5:08-CV-00216-JF

a well-established principle that "where a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Warrior & Gulf*, 363 U.S. at 582-83 (emphasis added). "Doubts should be resolved in the favor of coverage." *Id.* at 583. Even if it appears to the court that a party's grievance is frivolous, the court has "no business weighing the merits of the grievance" but is limited to determining whether the arbitration clause is susceptible of an interpretation covering the dispute. *See AT&T Techs., Inc. v. CWA*, 475 U.S. 643, 649-50, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Here, it is undisputed that the Collective Bargaining Agreement contains an arbitration provision. Further, the Collective Bargaining Agreement specifically allows for grievances involving discipline to be arbitrated. Since the Collective Bargaining Agreement in this case contains an arbitration procedure and does not exclude the instant grievance, the Court should compel the employer to arbitrate the instant grievance.

**C.  BECAUSE THE EMPLOYER HAS ACTED IN BAD FAITH BY REFUSING TO ARBITRATE THE INSTANT GRIEVANCES, AN AWARD OF ATTORNEY'S FEES IS APPROPRIATE.**

The employer's only justification to refuse to arbitrate the instant dispute is that it questions the existence and/or representational status of Local 715. That is not a basis by which to refuse to arbitrate a dispute. Such a refusal is disruptive to the labor relations between the parties, and calculated to delay an amicable resolution of legitimate labor disputes. As such, the employer has acted in bad faith, and an award of attorneys' fees is appropriate if not compelled. *See UFCW v. Alpha Beta Co.*, 736 F.2d 1371, 1381 (9th Cir. 1983).

### IV.  CONCLUSION

Rather than abide by the Collective Bargaining Agreement, the employer is simply ignoring its duty to arbitrate disputes. The employer has no colorable basis for refusing to arbitrate the underlying grievance. As such, the employer has acted in bad faith, and an award of attorneys' fees is proper. The Union, therefore, urges the Court to issue an award of attorneys' fees, as well

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION, Case No. 5:08-CV-00216-JF

1  as an Order compelling the employer to arbitrate the outstanding dispute between the parties.

Dated: July 18, 2008

                                 WEINBERG, ROGER & ROSENFELD
                                 A Professional Corporation

                           By:  /s/          BRUCE A. HARLAND

                                 Attorneys for Plaintiff

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -
PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION, Case No. 5:08-CV-00216-JF