1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507

3   LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    KRISTY KUNISAKI, CA BAR NO. 241005
5   Attorneys for STANFORD HOSPITAL & CLINICS and
    LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  STANFORD HOSPITAL & CLINICS and       Case No:  5:07-CV-05158-JF
    LUCILE PACKARD CHILDREN'S
12  HOSPITAL,

13          Petitioners,                   **STANFORD HOSPITAL & CLINICS'
                                            AND LUCILE PACKARD
14      vs.                                CHILDREN'S HOSPITAL'S MOTION
                                            TO COMPEL DEPOSITION OF GREG
15  SERVICE EMPLOYEES                       PULLMAN**
    INTERNATIONAL UNION, LOCAL 715,
16                                          Date:        September 24, 2008
            Respondent.                     Time:        1:30 PM
17                                          Dept:        Ctrm 4, 5th Floor

18                                          Judge:       Hon. Jeremy Fogel
                                            Magistrate Judge: Hon. Richard Seeborg
19  SERVICE EMPLOYEES                       Case No:  5:08-CV-00213-JF
    INTERNATIONAL UNION, LOCAL 715
20
            Petitioner and Counter-
21          Respondent,

22      vs.

23  STANFORD HOSPITAL & CLINICS and
    LUCILE PACKARD CHILDREN'S
24  HOSPITAL

25          Respondents and Counter-
            Petitioners.                    Judge:        Hon. Jeremy Fogel
26

27

28

---

MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

| | |
|---|---|
| 1 | SERVICE EMPLOYEES |
| | INTERNATIONAL UNION, LOCAL 715 |
| 2 | |
| | Petitioner, |
| 3 | |
| | vs. |
| 4 | |
| | STANFORD HOSPITAL & CLINICS and |
| 5 | LUCILE PACKARD CHILDREN'S |
| | HOSPITAL |
| 6 | |
| | Respondents. |
| 7 | |

1  SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 715    Case No: 5:08-CV-00215-JF

2         Petitioner,

3      vs.

4  STANFORD HOSPITAL & CLINICS and
5  LUCILE PACKARD CHILDREN'S
HOSPITAL

6                                    Judge:         Hon. Jeremy Fogel
      Respondents.
7

8  SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 715    Case No: 5:08-CV-00216-JF

9         Petitioner,

10     vs.

11 STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S
12 HOSPITAL

13                                   Judge:         Hon. Jeremy Fogel
      Respondents.

14 SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 715    Case No: 5:08-CV-01726-JF
15

16        Petitioner,

17     vs.

18 STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S
19 HOSPITAL                         Judge:         Hon. Jeremy Fogel

20    Respondents.

21 SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 715    Case No: 5:08-CV-01727-JF

22        Petitioner,

23     vs.

24 STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S
25 HOSPITAL

26    Respondents.                  Judge:         Hon. Jeremy Fogel

27

28
                                    2

SFCA_1447266.1

1    TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD

2  HEREIN:

3    PLEASE TAKE NOTICE that on September 24, 2008 at 1:30 PM or as soon

4  thereafter as counsel may be heard in Courtroom 4 of the above entitled court, Stanford

5  Hospitals & Clinics and Lucille Packard Children's Hospital (collectively "the

6  Hospitals") will bring on for hearing their Motion to Compel the Deposition of Greg

7  Pullman.[1]

8    This motion is made on the grounds that Mr. Pullman has failed without

9  substantial justification and without having served a valid objection, to appear at

10  deposition, and/or to reschedule a date for his deposition.  This Motion is based upon this

11  Notice of Motion and Motion, the Memorandum of Points and Authorities, the

12  Declaration of Scott P. Inciardi, the records and pleadings on file herein, and upon such

13  oral and documentary evidence as may be presented at the time of the hearing thereon.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26  [1] The Hospitals have noticed this Motion for hearing on September 24 because the Court
has already directed that a hearing on the Hospitals' outstanding discovery motions
27  (comprising three motions to compel document productions, and a motion to compel the
depositions of three (3) other witnesses) are to be heard on that date.

28
                                    3

SFCA_1447266.1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      In April, 2008, this Court ruled that Stanford Hospital And Clinics and Lucile

4    Packard Children's Hospital (the "Hospitals") were entitled to pursue discovery into the

5    existence of Service Employees International Union, Local 715 ("Local 715"), the

6    resources of the purported organization, and its legal representation.  Accordingly, as part

7    of their discovery efforts, the Hospitals noticed the deposition of Greg Pullman, a former

8    employee of Local 715 and current employee of "Local 715's" parent organization,

9    Service Employees International Union ("SEIU" or the "International").  SEIU's attorney

10   has stated unfounded objections to the deposition of Mr. Pullman, and has refused to

11   produce him for deposition on a mutually agreed-upon date.  The Hospitals have spent

12   months attempting to schedule Mr. Pullman's deposition.  In response, SEIU has resorted

13   to delay tactics and, more recently, outright stonewalling.  The intervention of this Court

14   has, therefore, become necessary, and the Hospitals respectfully request that the Court

15   enter an order requiring SEIU and Mr. Pullman to comply with their legal obligations.

16   The Court should also issue sanctions based upon the refusal of SEIU and Mr. Pullman to

17   comply with valid subpoenas.

18

**II.    FACTUAL BACKGROUND**

19     Each of these actions involves the Hospitals' obligation to arbitrate with Service

20   Employees International Union, Local 715 ("Local 715") pursuant to a collective

21   bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly

22   issued pursuant to the CBA. The Hospitals have alleged that "Local 715," has effectively

23   ceased to exist, and that, therefore, there is no entity to act as petitioner in these actions

24   and no party with whom the Hospitals have an obligation to arbitrate.  In the alternative,

25   the Hospitals have alleged that, to the extent that "Local 715" does continue to exist, it

26   has invalidly attempted to transfer its representational functions to another SEIU Local,

27   Service Employees International Union, United Healthcare Workers – West ("UHW").

28

4

SFCA_1447266.1

1  The Hospitals also assert that the attorneys from the law firm of Weinberg Roger &
2  Rosenfeld (the "Weinberg Firm" or "Weinberg") who have sought to participate in
3  arbitration proceedings with the Hospitals do not actually represent Local 715, but
4  instead are retained by UHW and are acting under the guise of an invalid servicing
5  agreement (the "Servicing Agreement"). [Declaration of Scott P. Inciardi ("Inciardi
6  Decl.") ¶ 2.]

7        On April 25, 2008, the Court held a case management conference. At the CMC,
8  counsel for Local 715 argued that no discovery was necessary in the Cases. The
9  Hospitals' counsel, however, argued that, due to the Hospitals' claims regarding the
10 status of Local 715, some discovery was necessary before dispositive motions could be
11 filed. Specifically, it was argued that discovery was necessary on the issues of Local
12 715's continued existence, Local 715's resources, its capacity as representative of the
13 Bargaining Unit, and the legal representation provided to Local 715. [Inciardi Decl. ¶ 3
14 Exh. A at 4:2-5:2.] The Court agreed and specifically approved discovery into these
15 areas. [Id. at 13:25-14:9.]

16       As a part of their discovery efforts, the Hospitals sought to take the deposition of
17 Greg Pullman. Mr. Pullman is a former employee of Local 715, who held the position of
18 "Staff Director." [Inciardi Decl. ¶ 14 & Exh M.] In early to mid 2006, Mr. Pullman was
19 a primary point of contact between Local 715 and the Hospitals. [Id.] In his capacity as
20 Staff Director of Local 715, he made representations to the Hospitals regarding the status
21 of Local 715. [Id.] He was also a participant in the implementation of the Servicing
22 Agreement between Local 715 and UHW. [Id.] Therefore, the Hospitals concluded that
23 he likely had information relevant to the issues in these Cases. Accordingly, on June 16,
24 2008, Mr. Pullman was personally served with deposition subpoenas in each of the Cases.
25 [Inciardi Dec. ¶ 4 & Exh. B.] The deposition subpoenas required Mr. Pullman to appear
26 and be deposed at the offices of Foley & Lardner LLP in Palo Alto, California on July 7,
27 2008. [Id.]

28

SFCA_1447266.1

1

2        After Mr. Pullman was served with the Subpoenas, the Hospitals were contacted

3   by Norman Gleichman, attorney for Mr. Pullman's present employer, SEIU. [Inciardi

4   Decl. ¶ 5 & Exh. C.] Mr. Gleichman indicated that he would not agree to produce Mr.

5   Pullman for deposition. [Id.] Additionally, SEIU had been served with subpoenas for the

6   production of documents, responses to which were due prior to the date noticed for Mr.

7   Pullman's deposition, but SEIU had not (and to this day has not) responded to those

8   subpoenas. [Inciardi Decl. ¶ 13 & Exh. L.] Because SEIU had indicated that it would

9   not produce Mr. Pullman, and had refused to produce documents in advance of the

10  deposition, the Hospitals were not prepared to go forward with the deposition on the

11  original date. Nevertheless, notwithstanding Mr. Gleichman's stated objections, and for

12  reasons unknown to the Hospitals, Mr. Pullman appeared at Foley & Lardner LLP's

13  offices on July 7, 2008. However, for the aforementioned reasons, the Hospitals were not

14  prepared to depose Mr. Pullman on that date and the deposition could not take place.[2]

15  [Inciardi Decl. ¶ 5-6 & Exh. C-F.]

16       Thereafter, the Hospitals attempted to arrange for a mutually acceptable

17  alternative date for Mr. Pullman's deposition. The Hospitals requested alternative dates

18  on July 7, 2008, and again on July 11, 2008. [Inciardi Decl. ¶ 6-7 & Exh. D & G.] Mr.

19  Gleichman provided no dates in response. [Inciardi Decl. ¶ 8] On July 31, still not

20  having received proposed dates, the Hospitals again requested dates for Mr. Pullman's

21  deposition, indicating that it needed to receive dates by August 4, 2008 in order to avoid

22  the necessity of a motion to compel. [Inciardi Decl. ¶ 8 & Exh. H.] Mr. Gleichman

23  suggested that the parties talk the following day. [Inciardi Decl. ¶ 9 & Exh. I.] The

24

25  _____
    [2] Additionally, although Mr. Pullman was accompanied by Bruce Harland, counsel for
26  "Local 715," Mr. Gleichman, who was representing Mr. Pullman as an employee of
    SEIU, did not appear at the deposition, and had not indicated that the deposition could
27  proceed in his absence. Therefore, it would have been inappropriate for the deposition to
    take place in any event.

28

SFCA_1447266.1

1  Hospitals agreed, but indicated that it was now necessary for SEIU to indicate whether it

2  would produce Mr. Pullman, and, if so, the dates on which he was available. [Id.]  On

3  August 6, 2008, Mr. Gleichman again temporized suggesting that the deposition be

4  discussed after the Hospitals and "Local 715" met and conferred regarding "Local 715's"

5  non-compliance with its own discovery obligations. [Inciardi Decl. ¶ 10 & Exh. J.]  On

6  August 7, 2008, the Hospitals again requested that SEIU state whether it would produce

7  Mr. Pullman for deposition and, if so, on what dates he was available.  [Inciardi Decl. ¶

8  11 & Exh. K.]  To date, SEIU has not responded to this communication. [Inciardi Decl. ¶

9  12.]

10      All told, since Mr. Pullman was served with the subpoenas in early June, and

11  despite repeated requests by the Hospitals, SEIU has not provided a single mutually

12  acceptable date on which it would be willing to produce Mr. Pullman, and, at least since

13  July 7, 2008, has not even been willing to represent that it would produce Mr. Pullman at

14  all.  Accordingly, the intervention of this Court has become necessary.

15  **III.    DISCUSSION**

16      **A.    The Deposition Of Mr. Pullman Should Be Compelled Because The**

17           **Information The Hospitals Seek Is Highly Relevant To These Cases.**

18      Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that

19  is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1).  "Relevant

20  evidence" is defined as "evidence having any tendency to make the existence of any fact

21  that is of consequence to the determination of the action more probable or less probable

22  than it would be without the evidence."  Fed. R. Evid. 401.

23      The continued existence of "Local 715" (or lack thereof), the resources of "Local

24  715," and its representational capacity are all issues at the heart of these Cases.  The

25  Hospitals reasonably anticipate that Mr. Pullman has personal knowledge of relevant

26  information which touches upon the central issues of these Cases.  He was Staff Director

27  of Local 715 at the time that it entered into the Servicing Agreement, and had direct

28

7

SFCA_1447266.1

1   responsibility for the implementation of the Servicing Agreement. [Inciardi Decl. ¶ 14 &

2   Exh. M.] Given that the Hospitals claim that the Servicing Agreement is invalid, and that

3   attorneys purporting to represent "Local 715" are actually acting pursuant to that invalid

4   Servicing Agreement, his knowledge of these issues is clearly relevant. Furthermore, Mr.

5   Pullman may have information regarding any plans that may have been in place in 2006

6   to dissolve Local 715 and/or to transfer its representational functions to UHW – in

7   particular because the Hospitals contend that the Servicing Agreement that Mr. Pullman

8   helped implement was the vehicle through which Local 715 attempted to transfer its

9   functions to UHW. Mr. Pullman can also be expected to have knowledge regarding to

10  what extent (if any) that employees of Local 715 were performing representational

11  functions in 2006.

12       The areas described above are only a few of the areas in which Mr. Pullman can

13  be expected to have information relevant to these Cases. Therefore, SEIU's failure to

14  make him available for deposition on a mutually agreed-upon date is completely

15  unjustified, and an order by this Court requiring his appearance is appropriate.[3]

16       **B.    The Court Should Order Sanctions For SEIU's Failure to Produce Mr.**

17       **Pullman On A Mutually-Acceptable Date**

18       As a former employee of Local 715, Mr. Pullman has personal knowledge relating

19  matters that are at issue in these Cases. SEIU can provide no reason for its continued

20  refusal to schedule his deposition. This Court is authorized to hold in contempt any

21  person who fails to obey a subpoena without adequate excuse. F.R.Civ.P. 45(e). The

22

23  [3] The Hospitals have also served subpoenas on SEIU calling for the production of
    documents. [Inciardi Decl. ¶ 13 & Exh. L.] The Hospitals believe that SEIU is in
24  possession of documents that may be relevant to the issues about which Mr. Pullman
    would be questioned at his deposition. However, to date, SEIU has refused to provide the
25  Hospitals with responses to the subpoenas. [Inciardi Decl. ¶ 13.] It would clearly be
    inappropriate for the Hospitals to be forced to take Mr. Pullman's deposition without the
26  benefit of potentially relevant documents that SEIU is withholding. Therefore, the
    Hospitals request that the Court order that Mr. Pullman's deposition take place only after
27  SEIU has provided appropriate responses to the subpoenas for the production of
    documents.

28

SFCA_1447266.1

1  party that is the subject of a motion to compel may be required to reimburse the moving

2  party for costs associated with bringing such a motion if the moving party is successful.

3  Fed. R. Civ. P. 37(a)(5)(A). Therefore, the Hospitals respectfully request that the Court

4  order sanctions against Mr. Pullman, SEIU, and their counsel for the costs, including

5  attorneys fees, associated with bringing this Motion and for their willful failure to comply

6  with valid deposition subpoenas.

7  **IV.   CONCLUSION**

8       For the foregoing reasons, Stanford Hospital & Clinics and Lucile Packard

9  Children's Hospital respectfully request that this Court grant their Motion to Compel and

10  order sanctions against Mr. Pullman, SEIU, and their counsel.

11

12  Dated: August 20, 2008                  FOLEY & LARDNER LLP
                                            LAURENCE R. ARNOLD
13                                          EILEEN R. RIDLEY
                                            SCOTT P. INCIARDI

14

15

16                                  By:   _____
                                          SCOTT P. INCIARDI
17                                        Attorneys for STANFORD HOSPITAL &
                                          CLINICS and LUCILE PACKARD
18                                        CHILDREN'S HOSPITAL

19

20

21

22

23

24

25

26

27

28

SFCA_1447266.1

1
## PROOF OF SERVICE

2   I am employed in the **County of San Francisco, State of California**.  I am over the age
3   of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409.**

4   On **August 20, 2008**, I served the foregoing document(s) described as:  **STANFORD**
5   **HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN,  DECLARATION OF SCOTT P. INCIARDI IN SUPPORT OF STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S**
6   **HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN, AND [PROPOSED] ORDER GRANTING STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD**
7   **CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN** on the interested parties in this action as follows:

8
9   ✓    BY THE FOLLOWING MEANS:
         I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

10
11  **Norman M. Gleichman, Esq.**
    **Deputy General Counsel**
    **Service Employees International Union**
12  **CTW, CLC**
    **1800 Massachusetts Avenue**
13  **Washington, DC  20036**
    **202.730.7000**

14

15  ✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

16       ✓    I am readily familiar with the firm's practice for collection and processing
              of correspondence for delivery by Federal Express:  collected packages are
17            picked up by an express carrier representative on the same day, with the
              Airbill listing the account number for billing to sender, at **San Francisco,**
18            **California**, in the ordinary course of business.  I placed the envelope(s) in
              an envelope or package designated by the express service carrier for
19            collection and processing for express service delivery on the above date
              following ordinary business practices.

20
21  ✓    Executed on **August 20, 2008**, at **San Francisco, California**.

22  ✓        I declare under penalty of perjury under the laws of the State of California
             that the above is true and correct.
23  ✓        I declare that I am employed in the office of a member of the bar of this
             court at whose direction the service was made.

24

25

26       ˙Susan E. Yardley

27

28